William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
501 Fifth Avenue, 15th Floor
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(646) 688-3078

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JENNIFER EAST,                                               :     ECF
Individually and on Behalf of All Other                     :     18 Civ. _____
Persons Similarly Situated,                                 :
                                                            :
                           Plaintiffs,                      :
                                                            :     **COMPLAINT AND**
          -against-                                         :     **JURY DEMAND**
                                                            :
VISITING NURSE SERVICE OF NEW YORK,                         :
MARKI FLANNERY, JESSICA CUMMINS,                            :
LORRAINE EARLE and JOHN DOES #1-10,                         :
                                                            :
                           Defendants.                      :
-----------------------------------------------------------------------X

Plaintiff JENNIFER EAST ("Plaintiff"), on behalf of herself individually, and as class

representative of other employees similarly situated, by and through her attorney, complains and

alleges for her complaint against VISITING NURSE SERVICE OF NEW YORK (d/b/a

"Partners In Care"), MARKI FLANNERY, JESSICA CUMMINS, LORRAINE EARLE and

JOHN DOES #1-10 (together "Defendant" or "Defendants") as follows:

## NATURE OF THE ACTION

1.      Plaintiff alleges pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

216(b) et al., that she and a Class of other similar home health aide coordinator employees were

paid by a fixed weekly salary and were illegally misclassified as exempt from the FLSA.

2.      Plaintiff alleges that she and the Class members are: (i) entitled to unpaid wages

from Defendant for work for which they did not receive overtime premium pay, as required by

law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq.

3.      Plaintiff further complains that she and other Class members are entitled to back wages from Defendants for minimum wages, overtime wages, and/or spread of hours premium pay, and punitive damages, as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations.

4.      Plaintiff also complains that Defendants failed to provide to her and the Class notice of each Class member's rate of pay and the name of each class member's employer in violation of the NYLL§ 195(1), and is therefore each Class member is entitled to $50 dollars for each workday in which the violations occurred or continued to occur on or after April 9, 2011, or a maximum total of $5,000, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

5.      Plaintiff also complains that her and Class members' paystubs did not provide notice of the hours worked by her and class members and their correct legal rate of pay and accordingly she and the class members, as a result of violations of the NYLL § 195(3), are each entitled to recover from Defendant $250 for each workday on or after April 9, 2011, on which the violations occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-d.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

8.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

9.     Plaintiff JENNIFER EAST was, at all relevant times, an adult individual, residing in Kings County in New York State.

10.     Upon information and belief, Defendant VISITING NURSE SERVICE OF NEW YORK ("Corporate Defendant") is a New York corporation, with its principal place of business at Attending Home Care, LLC, 1250 Broadway, New York, NY 10001.

11.     The Corporate Defendant at times does business as "Partners In Care."

12.     Upon information and belief, Defendants MARKI FLANNERY, JESSICA CUMMINS and LORRAINE EARLE ("Individual Defendants") are officers, directors and/or managing agents of the Corporate Defendant, whose address' are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

13.     Upon information and belief, MARKI FLANNERY, is the Chief Executive Officer of the Corporate Defendant, and has held this position during the last six years.

14.     Upon information and belief, JESSICA CUMMINS is the Head of Human Resources of the Corporate Defendant, and has held this position during the last six years.

15.     Upon information and belief, LORRAINE EARLE, is an Assistant Vice President of the Corporate Defendant, and has held this position during the last six years.

16.     Upon information and belief, during the last six years ("Individual Defendants'

time period"), the Individual Defendants had authority over the management, supervision, and oversight of the Corporate Defendant's affairs in general and exercised operational control over the Corporate Defendant's home health aide coordinator employees and other employees and their decisions directly affected the nature and condition of the home health care coordinator employees' employment.

17.     Upon information and belief, during the Individual Defendants' time period, the Individual Defendants (1) had the power to hire and fire the home health aide coordinator employees of the Corporate Defendant, (2) supervised and controlled the home health aide coordinator employees' schedules and conditions of employment, (3) determined the rate and method of payment of the home health aide coordinator employees, and (4) maintained employment records related to the home health aide coordinator employees.

18.     Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

19.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant at any time since the date 6 years prior to the filing of this Complaint (time tolled by failure to post notice and failure to provide notice of correct hours work and wage rate) to the entry of judgment

in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wages and/or overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

20.     Upon information and belief, Defendants did not post a notice indicating that home health care coordinator employees had a right to minimum wage and overtime.

21.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

22.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

23.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

24.     Questions of law and fact common to the members of the collective action

predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

    a.    whether the Defendant employed the Collective Action Members within the meaning of the FLSA;

    b.    whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

    c.    what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.    whether the Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

    e.    whether Defendant failed to pay the Collective Action Members minimum wages and overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    f.    whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

    g.    whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    h.    whether Defendant should be enjoined from such violations of the FLSA in the future.

    25.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

    26.    Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

    27.    Plaintiff brings her New York Labor Law claim on behalf of all persons who were

employed by Defendant at any time since the date six years prior to the filing of this Complaint, to the entry of judgment in this case (the "Class Period"), who were not paid all their straight time wages, minimum wages, spread of hour wages, and/or overtime wages and/or were not provided the notices required by the Wage Theft Prevention Act (the "Class").

28.    The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there at least 40 members of Class during the Class Period.

29.    The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

30.    The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

31.    Plaintiff is committed to pursuing her action and has retained competent counsel experienced in employment law and class action litigation.

32.    Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

33.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not

limited to:

a. whether the Defendant employed the members of the Class within the meaning of the New York Labor Law;

b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendant failed and/or refused to pay the members of the Class for all hours worked by them as well as premium pay for hours worked in excess of forty hours per workweek as well as spread of hours pay for hours worked a spread of more than ten hours, within the meaning of the New York Labor Law;

e. whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

f. whether the Defendant should be enjoined from such violations of the New York Labor Law in the future.

## **STATEMENT OF FACTS**

34.     Plaintiff JENNIFER EAST ("JENNIFER") was a home health aide coordinator employed by VISITING NURSE SERVICE OF NEW YORK and its Executive Vice President MARKI FLANNERY and its head of Human Resources JESSICA CUMMINS and its Assistant Vice President LORRAINE EARLE (collectively "Defendants" or "Defendant"), from about June 1, 2006 until March 1, 2017.  The period from May 11, 2012 to March 1, 2017 is defined as the "time period."

35.     Defendants are a licensed home health care agency that employed JENNIFER to coordinate and schedule approximately 300 home health aides.

36.     JENNIFER worked at Defendants' office at Defendant's office at 1250 Broadway, New Yok, New York.  JENNIFER did not have a computer but did have a telephone.

37.     During the time period, JENNIFER never worked for Defendants outside of New York City.

38.     During the time period, JENNIFER was not paid full regular wages for all her hours worked and was not paid overtime wages for all of her hours worked over forty in a workweek ("overtime") at time and one half her regular wage rate, and was not paid an extra hour of pay for her hours worked over a spread of 10 hours per day.

39.     During the time period, JENNIFER was generally paid for 36.25 weekday work hours at the rate of between $17.039 and $19.4801 per hour even though JENNIFER generally worked at least 45 hours during the five weekdays.

40.     In addition, during the time period, VISITING NURSE SERVICE OF NEW YORK paid her a flat payment of $200 per day for her work on Saturday and Sunday when she worked a minimum of 8 hour shifts per day from 8:30 am to 4:30 pm (or later) or 9:00 am to 5:00 pm (or later), and generally worked until at least 1 to 2 hours after the end of these weekend shifts.

41.     During the time period, JENNIFER regularly worked at least 57 hours per week for VISITING NURSE SERVICE OF NEW YORK.

42.     During the time period, JENNIFER was not always paid federal and New York minimum wages and was not always paid time and one half the New York minimum wage and/or her regular rate for her hours worked over forty hours in a week.

43.     Attached hereto as Exhibit A are certain of Jennifer's paystubs and time records which show that JENNIFER was not paid correctly.

44.     During the time period, JENNIFER did not receive a meal break and generally ate while working.  Nevertheless, VISITING NURSE SERVICE OF NEW YORK deducted 45

minutes per day from her pay for the alleged meal break.  JENNIFER's weekday scheduled shift was from 8:30 am to 4:30 pm or from 10:00 am to 6:00 pm equal to 40 hours, but she often worked more hours as she generally ended each week day shift 1 to 2 hours or more after the end of the shift.

45.     During the time period, JENNIFER was not paid for all her hours worked and was not paid for her hours worked over 40 hours a week ("overtime hours") at time and one half her regular wages and at times was not paid for all her hours at the minimum wage rate.

46.     JENNIFER was never paid any premium for her hours worked over 40 hours in a work week.

47.     During the time period, JENNIFER's job responsibilities as a home health aide coordinator included, among others: scheduling health aides, communicating with health aides and clients to communicate schedules, communicating with health aides and clients to modify schedules due to sickness or inability to work on certain days or due to client absences, and receiving complaints by health aides and communicating them to patients or her supervisors and then communicating back to the health aides responses if any.

48.     JENNIFER did not have the right to hire or fire any employees and did not hire or fire any employees.

49.     JENNIFER did not have the right to direct the work of two or more employees.

50.     JENNIFER did not interview any potential persons for employment and did not provide evaluations of any employees.

51.     JENNIFER did not have any independent discretion as her job simply required her to make sure that each patient had a health aide scheduled to serve the patient during the shifts assigned to the patient.

52.     During the time period, Defendants hired at least 100 similar home health aide coordinators, who did the same work as JENNIFER and had the same duties and were paid in a similar manner and also were not paid their overtime at the full time and one half rate and were not paid for all their hours worked including time worked during meal breaks and were not paid minimum wages for all hours worked and were not paid an extra hour of pay on days when they worked a spread of more than 10 hours.

53.     During the time period, JENNIFER and the similar home health aide coordinator employees of VISITING NURSE SERVICE OF NEW YORK were not specifically correctly notified by Defendants of the regular pay day designated by Defendants, Defendants' name, address and principle place of business and telephone number and their specific rate of pay as required by the New York Wage Theft Prevention Act.

## CLAIM I
(Fair Labor Standards Act)

54.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

55.     At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

57.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

58.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C.

§216(b).  The named Plaintiff's written consent is attached hereto as Exhibit B and incorporated by reference.

59.     At all relevant times, the Defendants had a policy and practice of refusing to pay its employees minimum wages and/or overtime wages equal to time and one half their employees' regular wages for hours worked over forty in a work week.

60.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members overtime wages and/or minimum wages for all of their hours worked the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

61.     As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

62.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63.     Due to the Defendants' FLSA violations, Plaintiff and the Collective Action Class are entitled to recover from the Defendants, their unpaid minimum and overtime wages, and an equal additional amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## CLAIM II
### (New York Labor Law)

64.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65.     At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66.     Defendants willfully violated Plaintiff's rights, and the rights of the members of the Class, by failing to pay them wages in violation of the New York Labor Law and its regulations.

67.     The Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

68.     Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages, unpaid minimum wages, unpaid overtime wages (including New York minimum overtime wages), unpaid spread of hours wages, reasonable attorneys' fees, and/or costs and disbursements of the action, pursuant to New York Labor Law §663(1) et seq.


## CLAIM III
### (Notice & Wage Statement Violations – NYLL §195)

69.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

70.     Defendants willfully violated Plaintiffs' rights by failing to provide proper notices and wage statements in violation of the New York Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a) (enacted on April 9, 2011).

13

71.     Defendant has willfully failed to supply Plaintiff and members of the Class with the notice required by NYLL § 195(1), in English or in the languages identified by Plaintiff as their primary languages, containing their "rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with [NYLL §191]; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

118.    Defendant has willfully failed to supply Plaintiff and member of the Class with  an accurate statement of wages as required by NYLL § 195(3), containing the "dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."

119.    Due to Defendant's violations of the NYLL§ 195(1), Plaintiff and each member of the Class is entitled to $50 dollars for each workday in which the violations occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

120.    Due to Defendant's violations of the NYLL § 195(3), Plaintiff and each member

of the Class is entitled to recover from Defendant $250 for each workday on or after April 9,

2011, on which the violations occurred or continue to occur, or a total of $5,000, as provided for

by NYLL § 198(1)-d.

## CLAIM IV
(Unjust Enrichment, Defendants' Failure to Pay All Wages Due Including Wages for
Minimum Wages under the NY Health Care Worker Wage Parity Act, and Spread of Hours)

72.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this

Complaint.

73.     Under the common law doctrine of "unjust enrichment" insofar as Defendants, by

their policies and actions, benefited from, and increased their profits and personal compensation

by failing to pay Plaintiff and the Class all wages due for work performed including minimum

wages, overtime wages and spread of hours wages.

74.     Defendant accepted and received the benefits of the work performed by Plaintiff

and the Class at the expense of Plaintiff and the Class.  It is inequitable and unjust for

Defendants to reap the benefits of Plaintiff's and the Class's labor, without paying all wages due.

75.     Plaintiff and the Class are entitled to relief for this unjust enrichment in an

amount equal to the benefits unjustly retained by Defendants, plus interest on these amounts and

punitive/liquidated damages.

## CLAIM V
(Breach of Contract-Wages)

76.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this

Complaint.

77.     Plaintiff and the members of the class entered into contracts with the Defendant

under which Plaintiff and the members of the Class were to provide home health aide

coordinator services and Defendants were required to pay hourly wages as required by law.

78.     Plaintiff and the members of the Class fulfilled their obligations under the contracts but Defendant failed to pay wages as required by law.

79.     As a result of Defendants' breach, Plaintiff and the members of the Class are entitled to recover damages, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

     a.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

     b.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

     c.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

     d.   An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and

patterns set forth herein;

e.   An order tolling the statute of limitations;

f.   An award of unpaid wages, spread of hours wages, overtime wages and minimum wages due under the FLSA, the New York Labor Law, the New York common law;

g.   An award of liquidated and/or punitive damages, as a result of the Defendants' willful failure to pay wages, minimum wages, and/or overtime wages pursuant to 29 U.S.C. § 216 and the New York Labor Law and the New York common law;

h.   An award of statutory damages under the New York Wage Theft Prevention Act;

i.   An award of prejudgment and postjudgment interest;

j.   An award of costs and expenses of this action together with reasonable attorney's and expert fees;

k.   Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:  New York, New York
        May 11, 2018

                    LAW OFFICE OF WILLIAM COUDERT RAND


                    _____
                    William Coudert Rand, Esq.
                    *Attorney for Plaintiff*, Individually and on
                    Behalf of All Persons Similarly Situated
                    501 Fifth Avenue, 15th Floor
                    New York, New York 10017
                    Tel: (212) 286-1425
                    Fax: (646) 688-3078
                    Email: wcrand@wcrand.com

William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
501 Fifth Avenue, 15th Floor
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(646) 688-3078

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JENNIFER EAST,                                          :     ECF
Individually and on Behalf of All Other                 :     18 Civ. _____
Persons Similarly Situated,                             :
                                                        :
                        Plaintiffs,                     :
                                                        :
        -against-                                       :     **COMPLAINT AND**
                                                        :     **JURY DEMAND**
                                                        :
VISITING NURSE SERVICE OF NEW YORK,                     :
MARKI FLANNERY, JESSICA CUMMINS,                        :
LORRAINE EARLE and JOHN DOES #1-10,                     :
                                                        :
                        Defendants.                     :
-------------------------------------------------------------------X

# EXHIBIT A

# PAYSTUBS AND TIME RECORDS

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. |  |
|-----|------|-------|-------|-----------|--|
| PIC | 067670 | 000210 | 4000 | 0000500107 | 1 |

126-0001

# Earnings   Statement

**ADP**

PARTNERS  IN  CARE
1250 BROADWAY
NEW YORK, NY 10001

| Period  Beginning: | 12/03/2016 |
|---|---|
| Period  Ending: | 12/09/2016 |
| Pay  Date: | 12/16/2016 |

Taxable Marital Status:   Married
Exemptions/Allowances:
Federal:           9
NY:                9
New York Cit:      9

**JENNIFER  M.  EAST**
**1363  E.  104TH   ST.**
**BROOKLYN,  NY  11236**

| Earnings | rate | hours | this  period | year  to  date |
|---|---|---|---|---|
| Regular | 19.4801 | 36.25 | 706.15 | 27,715.17 |
| On  Call |  |  | 400.00 | 15,300.00 |
| Holiday |  |  |  | 1,027.57 |
| Personal |  |  |  | 761.28 |
| Sick  Pay |  |  |  | 2,523.24 |
| Vacation |  |  |  | 3,280.24 |
| **Gross Pay** |  |  | **$1,106.15** | **50,607.50** |

Your  federal  taxable  wages  this  period  are
$1,096.62

**Other Benefits and Information**

| | this  period | total  to  date |
|---|---|---|
| Prior  1/2/H1 .5 | 36.25 | 1,422.75 |
| Reg/Ot/Hol | 36.25 | 1,422.75 |
| Total  Hours | 36.25 | 1,422.75 |
| Total  Hrs | 36.25 | 1,422.75 |
| Total  Hrs R99 | 36.25 |  |
| Union | 36.25 |  |
| Ytd  Hrs 8685 | 36.25 |  |
| Personal  Balanc |  | 0.00 |
| Sick  Balance |  | 13.36 |
| Vacation  Balanc |  | 25.26 |

| Deductions | Statutory |  |  |
|---|---|---|---|
|  | Federal  Income  Tax | -23.13 | 732.03 |
|  | Social  Security  Tax | -67.99 | 3,108.12 |
|  | Medicare  Tax | -15.90 | 726.90 |
|  | NY  State  Income  Tax | -43.29 | 1,835.20 |
|  | New  York  Cit  Income  Tax | -27.29 | 1,166.51 |
|  | NY  SUI/SDI  Tax | -0.60 | 30.60 |
|  | **Other** |  |  |
|  | Dental  Pretax | -9.53* | 476.50 |
|  | Life  Insurance | -30.51 | 1,525.50 |
|  | Long  Term  Dis | -2.34 | 117.00 |
|  | **Net Pay** |  | **$885.57** |
|  | Checking  1 | -885.57 |  |
|  | **Net Check** |  | **$0.00** |

**Important  Notes**
YOUR  COMPANY  PHONE  NUMBER  IS 212-609-7600

PLEASE  NOTIFY  YOUR  SUPERVISORS,  IF YOUR  WORK,
LIVE-IN,  OR  TRAVEL  HOURS  ARE  INCORRECT.

*  Excluded  from  federal  taxable  wages

© 2000 ADP, LLC

PARTNERS  IN  CARE
1250  BROADWAY
NEW  YORK , NY  10001

| Advice  number: | 00000500107 |
|---|---|
| Pay  date: | 12/16/2016 |

| Deposited  to  the  account  of | account  number | transit  ABA | amount |
|---|---|---|---|
| JENNIFER  M. EAST | xxxxxxxx2177 | xxxx  xxxx | $885.57 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

# Earnings   Statement

**ADP**

PARTNERS  IN  CARE
1250 BROADWAY
NEW YORK, NY 10001

| CO. | PIC | 087970 | 000210 | 4000 | 0000440111 | 1 |
| --- | --- | --- | --- | --- | --- | --- |

139-0001

| Period Beginning: | 10/17/2015 |
| --- | --- |
| Period Ending: | 10/23/2015 |
| Pay Date: | 10/30/2015 |

Taxable Marital Status:   Married
Exemptions/Allowances:
    Federal:    9
    NY:    9
    New York Cit:    9

**JENNIFER  M.  EAST**
**1363 E.  104TH  ST.**
**BROOKLYN,  NY  11236**

| Earnings | rate | hours | this period | year to date |
| --- | --- | --- | --- | --- |
| Regular | 19.4801 | 36.25 | 706.15 | 22,203.51 |
| On Call | | | 400.00 | 14,750.00 |
| Holiday | | | | 972.93 |
| Personal | | | | 972.93 |
| Sick Pay | | | | 2,873.30 |
| Vacation | | | | 3,896.00 |
| **Gross Pay** | | | **$1,106.15** | 45,668.67 |

| Deductions | Statutory | | |
| --- | --- | --- | --- |
| | Federal Income Tax | -14.39 | 492.37 |
| | Social Security Tax | -62.09 | 2,546.00 |
| | Medicare Tax | -14.53 | 595.44 |
| | NY State Income Tax | -37.25 | 1,423.77 |
| | New York Cit Income Tax | -23.58 | 907.61 |
| | NY SUI/SDI Tax | -0.60 | 27.00 |
| | **Other** | | |
| | Bc/Bs Ppo | -95.11* | 4,184.84 |
| | Dental Pretax | -9.53* | 419.32 |
| | Life Insurance | -30.51 | 1,342.44 |
| | Long Term Dis | -2.34 | 102.96 |
| | **Net Pay** | **$816.22** | |
| | Checking 1 | -816.22 | |
| | **Net Check** | **$0.00** | |

Your federal taxable wages this period are
$1,001.51

**Other Benefits and**
**Information**

| | this period | total to date |
| --- | --- | --- |
| Prior 1/2/H1.5 | 36.25 | 1,146.25 |
| Reg/Ot/Hol | 36.25 | 1,146.25 |
| Total Hours | 36.25 | 1,146.25 |
| Total Hrs | 36.25 | 1,131.75 |
| Union | 36.25 | |
| Ytd Hrs 8685 | 36.25 | |
| Personal Balanc | | -29.00 |
| Sick Balance | | 21.66 |
| Vacation Balanc | | 18.85 |

**Important Notes**
YOUR COMPANY PHONE NUMBER IS 212-609-7600

* **Excluded from federal taxable wages**

© 2000 ADP, LLC

---

PARTNERS  IN  CARE
1250 BROADWAY
NEW YORK, NY 10001

| Advice number: | 00000440111 |
| --- | --- |
| Pay date: | 10/30/2015 |

THIS IS NOT A CHECK

Deposited  to the account  of
JENNIFER  M.  EAST

| account number | transit ABA | amount |
| --- | --- | --- |
| xxxxxxxx2177 | xxxx xxxx | $816.22 |

**NON-NEGOTIABLE**

CO. FILE DEPT. CLOCK VCHR.NO.
PIC 087670 000210 4000 0000460129

152-0001

# Earnings Statement



*PARTNERS IN CARE*
*1250 BROADWAY*
*NEW YORK, NY 10001*

| | |
|---|---|
| Period Beginning: | 11/01/2014 |
| Period Ending: | 11/07/2014 |
| Pay Date: | 11/14/2014 |

00000000106
**JENNIFER M. EAST**
**1363 E. 104TH ST.**
**BROOKLYN, NY 11236**

Taxable Marital Status: Married
Exemptions/Allowances:
Federal: 9
NY: 9
New York Cit: 9

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 18.3985 | 36.25 | 666.95 | 25,228.54 |
| On Call | | | 400.00 | 14,110.00 |
| Bonus | | | | 1,190.04 |
| Holiday | | | | 811.68 |
| Personal | | | | 727.46 |
| Retro Pay | | | | 23.54 |
| Sick Pay | | | | 792.49 |
| Vacation | | | | 2,740.13 |
| **Gross Pay** | | | **$1,066.95** | 45,773.88 |

Your federal taxable wages this period are **$986.35**

**Other Benefits and Information**

| | this period | total to date |
|---|---|---|
| Prior 1/2/H1.5 | 36.25 | 1,389.00 |
| Reg/Ot/Hol | 36.25 | 1,389.00 |
| Total Hours | 36.25 | 1,389.00 |
| Total Hrs | 36.25 | 1,389.00 |
| Union | 36.25 | |
| Ytd Hrs 8685 | 36.25 | |
| Personal Balanc | | -3.50 |
| Sick Balance | | 107.32 |
| Vacation Balanc | | 102.35 |

**Important Notes**
YOUR COMPANY PHONE NUMBER IS 212-609-7600

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -14.02 | 383.67 |
| | Social Security Tax | -61.15 | 2,608.11 |
| | Medicare Tax | -14.30 | 609.96 |
| | NY State Income Tax | -36.50 | 1,367.32 |
| | New York Cit Income Tax | -22.99 | 870.15 |
| | NY SUI/SDI Tax | -0.60 | 28.20 |
| | **Other** | | |
| | Bc/Bs Ppo | -73.60* | 3,385.60 |
| | Dental Pretax | -7.00* | 322.00 |
| | Life Insurance | -30.51 | 1,403.46 |
| | **Net Pay** | **$806.28** | |
| | Checking 1 | -806.28 | |
| | **Net Check** | **$0.00** | |

**\* Excluded from federal taxable wages**

© 2009 ADP, LLC

---

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

PARTNERS IN CARE
1250 BROADWAY
NEW YORK, NY 10001

| Advice number: | 00000460129 |
|---|---|
| Pay date: | 11/14/2014 |

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| JENNIFER M. EAST | xxxxxxx2177 | xxxx xxxx | $806.28 |

**THIS IS NOT A CHECK**


CHASE
THE CHASE MANHATTAN BANK, N.A.
SYRACUSE, NEW YORK

# NON-NEGOTIABLE

# Earnings Statement

ADP

PARTNERS IN CARE
1250 BROADWAY
NEW YORK, NY 10001

| | |
|---|---|
| Period Beginning: | 08/25/2012 |
| Period Ending: | 08/31/2012 |
| Pay Date: | 09/07/2012 |

Taxable Marital Status:   Married
Exemptions/Allowances:
Federal:        9
NY:             9
New York Cit:   9

**JENNIFER M. EAST**
**1363 E. 104TH ST.**
**BROOKLYN, NY 11236**

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 17.6840 | 29.00 | 512.84 | 19,177.38 |
| On Call | | | 200.00 | 9,085.00 |
| Vacation | 17.6840 | 7.25 | 128.21 | 1,721.57 |
| Bonus | | | | 1,605.00 |
| Holiday | | | | 758.01 |
| Personal | | | | 125.96 |
| Sick Pay | | | | 990.92 |
| **Gross Pay** | | | **$841.05** | 33,463.84 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Social Security Tax | -32.68 | 1,310.23 |
| | Medicare Tax | -11.28 | 452.34 |
| | NY State Income Tax | -23.65 | 1,036.01 |
| | New York Cit Income Tax | -14.87 | 649.63 |
| | NY SUI/SDI Tax | -0.60 | 22.80 |
| | Federal Income Tax | | 555.67 |
| | **Other** | | |
| | Bc/Bs Ppo | -57.00* | 2,052.00 |
| | Checking 1 | -664.46 | |
| | Dental Pretax | -6.00* | 216.00 |
| | Life Insurance | -30.51 | 1,098.36 |
| | **Net Pay** | | **$0.00** |

\* **Excluded from federal taxable wages**
  Your federal taxable wages this period are $778.05

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Prior 1/2/H1.5 | 29.00 | 1,099.75 |
| Reg/Ot/Hol | 29.00 | 1,099.75 |
| Total Hours | 29.00 | 1,099.75 |
| Total Hrs | 29.00 | 1,099.75 |
| Union | 29.00 | |
| Ytd Hrs 8685 | 29.00 | |
| Personal Balanc | | 14.50 |
| Sick Balance | | 51.69 |
| Vacation Balanc | | 19.33 |

**Important Notes**
YOUR COMPANY PHONE NUMBER IS 212-609-7600

EFFECTIVE 06/22/12, PAYCHECKS WILL BE DELIVERED TO
YOUR ADDRESSES ON FRIDAYS, PAYSTUBS ON MONDAYS

---

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTO

PARTNERS IN CARE
1250 BROADWAY
NEW YORK, NY 10001

| | |
|---|---|
| Advice number: | 00000360104 |
| Pay date: | 09/07/2012 |

**THIS IS NOT A CHECK**

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| JENNIFER M. EAST | xxxxxxxx2177 | xxxx xxxx | $664.46 |

CHASE
THE CHASE MANHATTAN BANK, N.A.
SYRACUSE, NEW YORK

**NON-NEGOTIABLE**

## PLACEMENT SUPERVISOR LOG

**DATE:** 11/18/2015          Scheduled Time : 8:30 — 4:30          6-Oct

**COMPLETED BY :** Jennifer          Time Left : 8:20

| # | MRN# | SUPERVISOR NAME | BORO | AIDE ASSIGNED | TEMP PERM | SOC DATE | 1st Day service Y/N | CODE USED FOR N |
|---|------|-----------------|------|---------------|-----------|----------|---------------------|-----------------|
| 1 | 1871319 | CHERYL | MAN | 115837 | P | 11/18/15 | Y | |
| 2 | 1641527 | CHERYL | MAN | 114170 | P | 11/19/15 | Y | |
| 3 | 1875682 | WENDY | MAN | 81249 | P | 11/20/15 | Y | |
| 4 | 1884626 | WENDY | MAN | 110681 | P | 11/19/15 | Y | |
| 5 | 1356110 | DALIS | MAN | 11/19/2015 | P | 11/19/15 | Y | |
| 6 | 986540 | NATALIE | BX | 87574 | P | 11/19/15 | Y | |
| 7 | 181438 | NOVLET | BX | 116243 | P | 11/19/15 | Y | |
| 8 | 1826674 | SHARI | BKLYN | 104039 | P | 11/19/15 | Y | |
| 9 | 1878258 | BETTY | BKLYN | 115874 | P | 11/18/15 | N | X4 |
| 10 | 1273644 | SOPHIA | BKLYN | 66179 | P | 11/23/15 | Y | |
| 11 | 588101 | ARTI | BKLYN | 80224 | P | 11/18/15 | Y | |
| 12 | 1505491 | CLAUDIA | BKLYN | 68080 | P | 11/19/15 | Y | |
| 13 | 2003068 | MALVERN | QNS | 102338 | P | 11/20/15 | Y | |
| 14 | | | | | | | | |
| 15 | | | | | | | | |
| 16 | | | | | | | | |
| 17 | | | | | | | | |
| 18 | | | | | | | | |
| 19 | | | | | | | | |
| 20 | | | | | | | | |
| 21 | | | | | | | | |
| 22 | | | | | | | | |
| 23 | | | | | | | | |

## PLACEMENT SUPERVISOR LOG

**DATE:**  11/20/2015     Scheduled Time 8:30 – 4:30       6-Oct

**COMPLETED BY :**  Jennifer        Time Left :     6:30

| # | MRN# | SUPERVISOR NAME | BORO | AIDE ASSIGNED | TEMP PERM | SOC DATE | 1st Day service Y/N | CODE USED FOR N |
|---|---|---|---|---|---|---|---|---|
| 1 | 285028 | CHERYL | MAN | 108794 | P | 11/23/15 | Y | |
| 2 | 1504069 | CHERYL | MAN | 109309 | P | 11/23/15 | Y | |
| 3 | 1105554 | LUIS | MAN | 108319 | P | 11/23/15 | Y | |
| 4 | 1871616 | GEORGIANNA | QNS | 101335 | P | 11/20/15 | N | X5 |
| 5 | 1883613 | NIYA | QNS | 116521 | P | 11/21/15 | Y | |
| 6 | 1881970 | NOVLETT | BKLYN | 105975 | P | 11/23/15 | Y | |
| 7 | 1609670 | ARTI | BKLYN | 116175 | P | 11/23/15 | Y | |
| 8 | 1884444 | ARTI | BKLYN | 108400 | P | 11/20/15 | Y | |
| 9 | 1883816 | TIPOLEE | BKLYN | 93423 | P | 11/23/15 | Y | |
| 10 | 1750011 | CHARLES | QNS | 92029 | P | 11/20/15 | N | X4 |
| 11 | | | | | | | | |
| 12 | | | | | | | | |
| 13 | | | | | | | | |
| 14 | | | | | | | | |
| 15 | | | | | | | | |
| 16 | | | | | | | | |
| 17 | | | | | | | | |
| 18 | | | | | | | | |
| 19 | | | | | | | | |
| 20 | | | | | | | | |
| 21 | | | | | | | | |
| 22 | | | | | | | | |
| 23 | | | | | | | | |

William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
501 Fifth Avenue, 15th Floor
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(646) 688-3078

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JENNIFER EAST,                                           :         ECF
Individually and on Behalf of All Other         :         18 Civ. _____
Persons Similarly Situated,                           :
                                                                      :
                                  Plaintiffs,              :
                                                                      :         **COMPLAINT AND**
             -against-                                     :         **JURY DEMAND**
                                                                      :
VISITING NURSE SERVICE OF NEW YORK,   :
MARKI FLANNERY, JESSICA CUMMINS,        :
LORRAINE EARLE and JOHN DOES #1-10,      :
                                                                      :
                                  Defendants.           :
-----------------------------------------------------------------------X

# EXHIBIT B

# CONSENT OF NAMED PLAINTIFF

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of  Lorraine Earle  PARTNERS  MARKI FLANNERY, JESSICA Cummings, VNSNY DBA In CARE to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


Jennifer East    3/26/18    JENNIFER EAST
Signature              Date     Print Name

8