William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
501 Fifth Avenue, 15th Floor
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(646) 688-3078

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

| | | |
|---|---|---|
| JENNIFER EAST, | : | ECF |
| Individually and on Behalf of All Other | : | 1: 18 Civ. 04251 (GBD) |
| Persons Similarly Situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | |
| | : | |
| VISITING NURSE SERVICE OF NEW YORK, | : | |
| MARKI FLANNERY, JESSICA CUMMINS, | : | |
| LORRAINE EARLE and JOHN DOES #1-10, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------------------X

---

**PARTIES' JOINT MOTION FOR COURT APPROVAL
OF SETTLEMENT OF PLAINTIFF'S CLAIMS ASSERTED UNDER THE
FAIR LABOR STANDARDS ACT AND NEW YORK LABOR LAW**

---

# EXHIBIT A

# FULLY SIGNED SETTLEMENT AGREEMENT

**LAW OFFICE OF WILLIAM COUDERT RAND**
501 Fifth Ave. 15th Floor
New York, N.Y. 10017
212-286-1425
Attorneys for Plaintiff

## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims ("Agreement") is entered into by and between (i) Plaintiff Jennifer East ("Plaintiff") and (ii) Defendant Visiting Nurse Service of New York ("VNSNY"), on behalf of itself, its parent(s), divisions, affiliates, subsidiaries, predecessors and successors, including, but not limited to, New Partners, Inc., doing business as Partners in Care, and (iii) Defendants Marki Flannery, Jessica Cummings and Lorraine Earle ("Individual Defendants") (collectively referred to with VNSNY as "Defendants").

### RECITALS

**WHEREAS**, on or about May 11, 2018, Plaintiff filed a Complaint in the United States District Court for the Southern District of New York in the matter captioned *East v. Visiting Nurse Service of New York, et al.*, Civil Action No. 1:18-cv-04251(the "Action"), alleging causes of action for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"); New York Labor Law, NY Lab. L. § 190, *et seq.* ("NYLL"); New York Wage Theft Protection Act ("WTPA"), NY Lab. L. §195; New York Home Care Worker Wage Parity Law; Public Health Law § 3614-c; and common law claims for unjust enrichment and breach of contract.

**WHEREAS**, Plaintiff and Defendants reached an agreement on the monetary terms of a settlement;

**WHEREAS**, Plaintiff and Defendants are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate compromise of disputed claims relating to Plaintiff's classification and number of hours worked;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Action on the following terms and conditions:

1.     **Dismissal**.   Contemporaneous with Plaintiff's execution of this Agreement, Plaintiff's counsel will execute a Stipulation of Dismissal with Prejudice (the "Stipulation"), attached as Exhibit A, dismissing with prejudice the Action.   Promptly after the Settlement Proceeds are paid, Defendant will file the stipulation of dismissal with the Court.

2.     **Non-Admission**.   It is understood and agreed that this Agreement and the settlement it represents is intended solely for the purpose stated herein and entered into solely for the purpose of avoiding further expenses of litigation.   This Agreement and the settlement it represents may not be cited as and does not constitute and should not be construed to be an admission by Defendants of any violation of any federal, state or local law, or of any duty whatsoever, whether based in statute, common law, or otherwise, and Defendants expressly deny that any such purported violation has occurred as to Plaintiff or any other individual.

3.     **Consideration**.   In consideration of the representations, warranties, covenants and releases contained herein, VNSNY shall pay to Plaintiff or on her behalf the amount of Thirty Thousand Dollars and Zero Cents ($30,000.00) ("Settlement Proceeds") to be allocated as follows:

      a.     A check in the amount of Nineteen Thousand Five Hundred Ten Dollars and Zero Cents ($19,510.00), made payable to Plaintiff, less applicable deductions required by law, representing compensation for alleged unpaid wages and overtime.

      b.     A check made payable on behalf of Plaintiff in the amount of Ten Thousand Four Hundred Ninety Dollars and Zero Cents ($10,490.00) to The Law Offices of William Coudert Rand attributable to attorney's fees ($10,000.00) and reimbursement for Plaintiff's costs and disbursements ($490.00).

      c.     VNSNY shall issue the appropriate IRS Forms W-2 and 1099.

2

   d.  The payment of the aforesaid Settlement Proceeds is contingent upon this Agreement (and the Stipulation) being approved by the Court.  If such approval is obtained, the Settlement Proceeds, as allocated in paragraphs a. and b. herein shall be delivered to William Coudert Rand, Esq., 501 Fifth Ave., 15th Floor, New York, NY 10017 within 15 business days after the Court's approval of this Agreement and So Ordering of the Stipulation is entered on the docket.  If the Settlement Proceeds are not paid, this Agreement may be rescinded and Plaintiff may proceed with the Action.

   4.  **Payment of Taxes**.  East is solely responsible for all federal, state and local taxes that may be owed by virtue of the receipt of any portion of the monetary payment provided under this Agreement.  East agrees to indemnify and hold Defendants harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other state and local taxing authorities regarding any tax obligations that may arise as a result of East's failure to pay taxes related to the monetary payment to her under this Agreement.

   5.  **All Payments**.  The payments provided in paragraph 3 shall constitute the entirety of all payments and monetary benefits that shall be provided or made payable to Plaintiff, including attorneys' fees and costs/disbursements.  Plaintiff also acknowledges and agrees that she will not seek, and may not recover, any attorneys' fees (except as set forth in paragraph 3(b)) on the grounds that she is a "prevailing party" as that term is used in any statute providing for the award of attorneys' fees and costs with respect to the Action.

   6.  **Release of Claims**.  In consideration of the payments described in paragraph 3 and for other good and valuable consideration, Plaintiff hereby releases and forever discharges the Released Parties (as defined below) from all debts, obligations, promises, covenants, agreements,

contracts, endorsements, bonds, controversies, suits, actions, causes of action, judgments, damages, expenses, claims or demands, in law or in equity, related to her employment by VNSNY, which Plaintiff ever had, now has, or which may arise in the future, regarding any matter arising on or before the date of Plaintiff's execution of this Agreement relating to claims for the nonpayment or inaccurate payment of minimum and overtime wages, spread-of-hours pay, wage parity pay, all other wage and hour claims, wage notice claims, and wage statement claims, under any federal, state or local wage and hour law, including, but not limited to, any and all claims under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et. seq.,* and any and all regulations issued thereunder, as amended, and New York Labor Law, as amended, including but not limited to Articles 6 and 19, § 190 *et seq.* and § 650 *et seq.*, and any and all regulations issued thereunder, including the Minimum Wage Order for miscellaneous industries and occupations, N.Y. Comp. Codes R. & Regs. Tit. 12, § 142, all as amended, and the New York Home Care Worker Wage Parity Law, Public Health Law § 3614-c. Plaintiff agrees that she shall not institute, nor accept any other relief from, any other suit, class or collective action, administrative claim or other claim of any sort or nature whatsoever against Defendants, relating to the claims being released herein. This Agreement may not be cited as, and does not constitute any admission by Defendants of any violation of any such law or legal obligation.

7. **Released Parties**. The "Released Parties" are Visiting Nurse Service of New York, and all of its predecessors, successors, current, future and former parents, subsidiaries, affiliates, related companies, partnerships, investors, or joint ventures, and, with respect to each of them, their predecessors and successors; and, with respect to each such entity, all of their past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, plans, trustees, including, but not limited to, New Partners, Inc. doing

4

business as Partners In Care, and any other persons acting by, through, under or in concert with any of the persons or entities listed in this subparagraph, including individual Defendants Marki Flannery, Jessica Cummings and Lorraine Earle, and their successors.

8. **Future Proceedings**. Nothing in this Agreement shall prohibit or restrict Plaintiff from testifying, assisting, or participating in any manner in an investigation, hearing or proceeding; responding to any inquiry; making a protected disclosure to, or otherwise communicating with, any administrative or regulatory (including any self-regulatory) agency or authority, including, but not limited to, the Equal Employment Opportunity Commission and/or the National Labor Relations Board.

9. **Entire Agreement**. This Agreement constitutes the entire agreement between the Parties, and supersedes and cancels all prior and contemporaneous written and oral agreements, if any, between the Parties in connection with the Action, and Plaintiff's claims and allegations asserted therein, except for any confidentiality policies and procedures governing the confidentiality of information concerning VNSNY' business and clients, which remain in full force and effect. Plaintiff affirms that, by entering into this Agreement, she is not relying upon any oral or written promise or statement made by anyone at any time on behalf of Defendants.

10. **Successors**. This Agreement is binding upon Plaintiff and her successors, assigns, heirs, executors, administrators and legal representatives.

11. **Severability**. If any of the provisions, terms or clauses of this Agreement is declared illegal, unenforceable or ineffective in a legal forum, those provisions, terms and clauses shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall remain valid and binding upon both parties.

5

12.     **Voluntary Agreement**.  This Agreement has been reached by mutual and purely voluntary agreement of the Parties, and the Parties by their respective signatures indicate their full agreement with, and understanding of, its terms. Plaintiff affirms that she has no physical or mental impairment of any kind that has interfered with her ability to read and understand the meaning of this Agreement or its terms. Plaintiff acknowledges that she has been given a reasonable period of time to consider this Agreement, that she has freely, knowingly, and voluntarily decided to accept the terms of this Agreement, and that this Agreement is a binding legal document.

13.     This Agreement may not be changed or altered, except by a writing signed by the parties. This Agreement is entered into in the State of New York, and the laws of the State of New York will apply to any dispute concerning it, excluding the conflict-of-law principles thereof. Furthermore, any action regarding this Agreement or its enforcement shall be subject to the exclusive jurisdiction of the courts of New York County, New York.

6

WHEREFORE, the parties enter into his Joint Stipulation of Settlement and Release voluntarily and in good faith.

Date: 10/11/18

Jennifer East
Jennifer East

VISITING NURSE SERVICE OF NEW YORK

Date: 10/10/18

By: _____
Name: Jennifer Brullo
Title: SUP

7

WHEREFORE, the parties enter into his Joint Stipulation of Settlement and Release voluntarily and in good faith.

Date: 10/11/18 _____     _Jennifer East_____
                                 Jennifer East


                                 VISITING NURSE SERVICE OF NEW YORK


Date: _____       By: _____
                                    Name:

                                    Title:


7

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER EAST, Individually and on Behalf of All Other
Persons Similarly Situated,

                              Plaintiffs,

                  - against -

VISITING NURSE SERVICE OF NEW YORK, MARKI
FLANNERY, JESSICA CUMMINS, LORRAINE EARLE
and JOHN DOES #1-10,

                            Defendants.

Civil Action No. 1:18-cv-04251
**JOINT STIPULATION OF
DISMISSAL WITH
PREJUDICE**

        IT IS HEREBY STIPULATED, AGREED, AND UNDERSTOOD that: (1) this action is

dismissed and discontinued in its entirety with prejudice pursuant to Fed. R. Civ. P. 41(a)(2); and

(2) each party shall bear his, her or its own costs, attorneys' fees, and disbursements, except as set

forth in the Settlement Agreement between the Parties.

New York, New York
September _____, 2018

LAW OFFICES OF
WILLIAM COUDERT RAND

By: _____
     William Coudert Rand
     501 Fifth Avenue, 15th Floor
     New York, New York 10017
     (212) 286-1425
     *Attorney for Plaintiff*

EPSTEIN BECKER & GREEN, P.C.

By:_____
     Patrick G. Brady
     250 Park Avenue
     New York, New York 10177
     (212) 351-4500
     *Attorney for Defendants Visiting Nurse
     Service of New York, Marki Flannery, Jessica
     Cummings and Lorraine Earle*

                  SO ORDERED:

                  _____
                  Honorable George B. Daniels
                  United States District Judge